## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ERIC ADAMS,<br><br>          Plaintiff,<br><br>v.<br><br>CITY OF NEWARK, RAS J. BARAKA, ERIC S. PENNINGTON and DANIELLE A. SMITH,<br><br>          Defendants. | Civil Action No.<br><br>20-17207 (SDW) (LDW)<br><br>**ORDER TO VACATE CLERK'S ENTRY OF DEFAULT** |

**THIS MATTER** having come before the Court by way of defendants City of Newark, Ras J. Baraka, Eric S. Pennington, and Danielle A. Smith's motion to set aside the Clerk's entry of default and for an extension of time to answer, move, or otherwise respond to the Complaint (ECF No. 8); and

**WHEREAS** on February 8, 2020, plaintiff sought and was granted entry of default against all defendants for failure timely to respond to the Complaint (ECF No. 6); and

**WHEREAS** two days later, on February 10, 2021, plaintiff filed a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b) (ECF No. 7); and

**WHEREAS** defendants' counsel promptly moved to vacate entry of default three days after default was entered and only one day after plaintiff filed his motion for default judgment, asserting that the COVID-19 pandemic caused their inadvertent delay in appearing (Florio Decl., ¶¶ 6, 8; ECF No. 8-2); and

**WHEREAS** plaintiff opposes defendants' motion to vacate entry of default, arguing that his applications for entry of default and default judgment were a means of protecting plaintiff from dismissal for lack of prosecution (ECF No. 11); and

**WHEREAS** Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court may set aside an entry of default for good cause; and

**WHEREAS** the Court of Appeals has counseled that "[t]here is a distinction between a default standing alone and a default judgment…Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment." *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982); and

**WHEREAS** factors relevant to the Court's determination of whether to vacate entry of default include: (1) prejudice to the non-defaulting party if the default is vacated; (2) whether the defaulting party has a meritorious defense; and (3) whether the default resulted from the defaulting party's culpable conduct.  *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984); and

**WHEREAS** the Court is mindful that the Court of Appeals "does not favor entry of defaults" and "require[s] doubtful cases to be resolved in favor of the party moving to set aside the default . . . so that cases may be decided on their merits."  *Id.* at 194-95 (quotation omitted); and

**WHEREAS** plaintiff has not demonstrated that he will be prejudiced if the Court sets aside entry of default as discovery in this matter has not begun, no dispositive motions have been filed, and plaintiff has not suggested any way in which his ability to pursue his claims has been impaired; and

**WHEREAS** defendants assert that they have numerous defenses to the claims alleged in plaintiff's Complaint; and

**WHEREAS** neither party has suggested that defendants' failure to answer the Complaint in a timely manner is attributable to anything other than inadvertence, and there is no indication of willful or bad faith conduct by the defendants.  *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d

Cir. 1984) ("Appropriate application of the culpable conduct standard requires that as a threshold matter more than mere negligence be demonstrated."); and for good cause shown

**IT IS**, **on this 6th day of April 2021:**

**ORDERED** that defendants' motion to vacate the Clerk's entry of default (ECF No. 8) is **granted**; and it is further

**ORDERED** that defendants' time to answer, move, or otherwise respond to the Complaint is extended through April 15, 2021; and it is further

**ORDERED** that plaintiff's motion for default judgment (ECF No. 7) is **terminated as moot**; and it is further

**ORDERED** that the Clerk of Court is directed to terminate the motions at ECF Nos. 7 and 8.

_s/ Leda Dunn Wettre_
Hon. Leda Dunn Wettre
United States Magistrate Judge